UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH C. LEHMAN,

    Plaintiff,

    v.

STATE OF INDIANA,

    Defendant.

Case No. 3:21-CV-286 JD

## OPINION AND ORDER

This dispute concerns an alleged deprivation of Mr. Joseph Lehman's constitutional right to a jury trial. In February 2014, the Indiana Supreme Court suspended Mr. Lehman from practicing law in Indiana for at least two years. *In re Lehman*, 3 N.E.3d 536, 538 (Ind. 2014). Undeterred by his suspension, Mr. Lehman continued to provide legal services to clients. *Lehman v. State*, 55 N.E.3d 863, 864 (Ind. Ct. App. 2016). The State of Indiana charged Mr. Lehman with "three counts of Class B misdemeanor practicing law by a non-attorney." *Id.* The state trial court conducted a bench trial and found Mr. Lehman guilty on all three counts. *Id.*

Mr. Lehman filed an appeal and argued that the trial court judge improperly denied him a trial by jury. *Id.* at 864–65. The Court of Appeals of Indiana rejected this argument, writing that Mr. Lehman "was required to file a request for jury trial by April 12, 2015 or waive that right . . . Lehman filed a request for jury trial on April 22, 2015. Accordingly, he waived his right to a jury trial." *Id.* at 868 (citation omitted). The Court of Appeals of Indiana also wrote that Mr. Lehman's "[i]gnorance is no excuse for failing to comply with the Court's rules." *Id.* The Indiana Supreme Court denied a petition from Mr. Lehman to hear his case on August 11, 2016. *Lehman v. State*, 57 N.E.3d 817 (Ind. 2016). Mr. Lehman then argued the bench trial was

improper in a motion for post-conviction relief and a motion to reconsider. *Lehman v. State*, 150 N.E.3d 1093 (Ind. Ct. App. 2020) (summarizing the procedural history). Both were denied by the trial court on res judicata grounds. *Id*. Mr. Lehman then appealed, and the Court of Appeals of Indiana also found that his motion was barred on res judicata grounds. *Id.*

On April 26, 2021, Mr. Lehman filed a complaint against the State of Indiana in this Court. (DE 1.) In his complaint, Mr. Lehman once again alleged that the Indiana state trial court judge improperly denied him "a jury trial in [his] Class B Misdemeanor Case." (DE 1 at 4.) Mr. Lehman's sole ground for relief was under 42 U.S.C. § 1983, claiming the bench trial conducted in 2016 violated his constitutional right to a jury trial. (*Id.*) The State of Indiana then filed a motion to dismiss. (DE 7.) Rather than file a response, Mr. Lehman filed a motion for judgment on the pleadings. (DE 9.) The Court now considers both motions.

A.   **Standard of Review**

The State of Indiana moves to dismiss the claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In ruling on this motion, the Court is cognizant that a "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must

2

contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). In order to satisfy the plausibility standard, a plaintiff's complaint must "supply enough facts to raise a reasonable expectation that discovery will yield evidence supporting the plaintiff's allegations." *Twombly*, 550 U.S. at 556. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted). Factual allegations, however, "that are merely consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678.

**B.     Discussion**

Mr. Lehman's sole claim against the State of Indiana is that he deserves relief under 42 U.S.C. § 1983 because his right to a jury trial was violated. Section 1983 gives federal courts the jurisdiction to hear lawsuits that allege violations of constitutional rights by persons acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The State of Indiana raises several arguments in support of its motion to dismiss. (DE 8 at 3–6.)  First, the State of Indiana argues that the Eleventh Amendment provides it immunity from suit. (DE 8 at 4.) Second, the State of Indiana argues that the suit is barred because it is not a "person" suable under section 1983. (*Id.* at 4–5.) Lastly, the State of Indiana argues that res judicata bars the suit. (*Id.* at 5.) Because the Court agrees that the State of Indiana is not a "person" suable under section 1983, it does not consider the other two arguments.

The State correctly argues that it is not a "person" suable under section 1983. "Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140 (7th Cir. 1999). Mr. Lehman alleges no other jurisdictional basis for his claim against the State of Indiana other than section 1983, and the Court cannot identify any other potential basis that could exist. Because this argument is dispositive, the Court need not consider the State of Indiana's other arguments. *See Mercado v. Dart*, 604 F.3d 360, 361–62 (7th Cir. 2010) (statutory rule that a state is not a "person" under section 1983 "makes it unnecessary and inappropriate to consider what limits the eleventh amendment would create"); *see also Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000) ("[T]he district court should have dismissed the official-capacity claims before addressing the Eleventh Amendment defense . . . .").

No matter the allegations against the State of Indiana, it cannot be sued under section 1983. Accordingly, the claim against the State of Indiana is **DISMISSED WITH PREJUDICE**. Because the Court grants the motion to dismiss (DE 7), Mr. Lehman's motion for judgment on the pleadings is dismissed as moot. (DE 9.)

SO ORDERED.

ENTERED: September 21, 2021

/s/ JON E. DEGUILIO
Chief Judge
United States District Court