UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSEPH C. LEHMAN,

    Plaintiff,

    v.                                                                        Case No. 3:21-CV-286 JD

STATE OF INDIANA,

    Defendant.

## OPINION AND ORDER

On April 26, 2021, Joseph Lehman filed a suit under Section 1983 against the State of

Indiana, alleging that the State of Indiana denied him the right to a jury trial. (DE 1.) In his

complaint, Mr. Lehman asserted that a judge on the Elkhart Superior Court failed to provide him

with a jury trial after he requested one. (*Id.* at 4.) On September 21, 2021, this Court issued an

order dismissing Mr. Lehman's claim with prejudice, explaining that the State of Indiana cannot

be sued under Section 1983 because it is not a "person." (DE 10.) Judgment was then entered

against Mr. Lehman. (DE 11.)

Now before the Court is a motion to reconsider filed by Mr. Lehman. (DE 12.) Given the

timing of the motion and the substance of the motion, it is construed as a motion to amend

judgment under Rule 59(e). *See Galluzzo v. Hosley Int'l, Inc.*, No. 2:11-CV-429-TLS, 2012 WL

4355526, at *2 (N.D. Ind. Sept. 21, 2012) (finding that a motion to reconsider fell under rule

59(e), since it was filed within 28 after judgment was entered); *Peterson v. Flowers*, No. 1:12-

CV-00564-JMS, 2012 WL 5422238, at *1 (S.D. Ind. Nov. 6, 2012) ("Given the timing of the

motion to reconsider relative to the entry of final judgment, and given the arguments set forth in

such motion, the motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*.").

"Rule 59(e) allows a court to alter or amend a judgment only if the [litigant] can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citation omitted). A Rule 59 motion cannot be used to present evidence or make arguments that could have been made prior to entry of judgment. *Id.*

In his motion, Mr. Lehman admits that the State of Indiana is not a person. (DE 12 at 1.) Instead of presenting any new arguments, Mr. Lehman simply reiterates his belief that the trial court judge improperly denied him a trial by jury. (*Id*. at 1–2.) As this Court explained in its previous order, this argument has been rejected multiple times. The Court of Appeals of Indiana rejected it, writing that Mr. Lehman "was required to file a request for jury trial by April 12, 2015, or waive that right . . . Lehman filed a request for jury trial on April 22, 2015. Accordingly, he waived his right to a jury trial." *Lehman v. State*, 55 N.E.3d 863, 868 (Ind. Ct. App. 2016) (citation omitted). The Court of Appeals of Indiana also wrote that Mr. Lehman's "[i]gnorance is no excuse for failing to comply with the court's rules." *Id.* Mr. Lehman then filed a motion for post-conviction relief, which was denied by the post-conviction court and affirmed on appeal. *Lehman v. State*, 150 N.E.3d 1093 (Ind. Ct. App. 2020) (summarizing the procedural history).

Mr. Lehman's motion to reconsider is also full of colorful rhetorical questions. For example, at one point, Mr. Lehman asks: "Must Indiana be one of those red neck, disrespect for the rule of law, states[?] I thought those states and that mentality should remain south of the Ohio River." (DE 12 at 2.) At another point, he writes: "So, maybe there just is no remedy when a trial

court judge does a political hit job[?]" (*Id.*) However, at no point does Mr. Lehman argue that the

State of Indiana is a suable person under § 1983. Nor would such a claim be convincing. As the

Court explained in its previous order, "Section 1983 only permits an individual to sue a 'person'

who deprives that individual of his or her federally-guaranteed rights under color of state law."

*Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). The State of Indiana is clearly not a person.

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials

acting in their official capacities are 'persons' under § 1983."). Therefore, no manifest error

exists in the Court's prior opinion.

Accordingly, the Court DENIES Mr. Lehman's motion to reconsider. (DE 12.)


SO ORDERED.

ENTERED: April 11, 2022

 /s/ JON E. DEGUILIO
Chief Judge
United States District Court